ROBERT G. MARTIN, RELATOR, v. EDWARD W. DAYMOND, DEFENDANT.

Argued October 4, 1939—Decided January 24, 1940.

Before Brogan, Chief Justice, and Justices Donges and Porter.

For the relator, *Richard J. Hughes.*

For the defendant, *Frank I. Casey.*

The opinion of the court was delivered by

Porter, J. The question presented for solution on the pleadings is the right of the relator or of the defendant to the position of membership in the township committee of the township of Hamilton, in the county of Mercer. Both claim the office. The facts do not seem in dispute. It seems that on January 1st, 1938, the governing body of the township consisted of three members, William J. Steiner, Arthur J. Burgner and Harry E. Hartman.

On January 18th, 1938, Burgner resigned and the remaining members appointed Harry E. Lieberman to fill the vacancy. In the general election in 1938, Lieberman was defeated for the office by Armit A. Harrison for a term of three years from January 1st, 1939.

On December 6th, 1938, Hartman resigned leaving two members in office, Steiner and Lieberman. The vacancy caused by the Hartman resignation was not filled. On December 28th, 1938, Lieberman addressed to the township clerk and delivered to him his written resignation dated that day as a member to take effect immediately. That resignation if effective left the committee with but one member, Steiner. The governor of the state then immediately appointed relator to the alleged vacancy created by the resignation of Lieberman. His right to the office is challenged by the pleadings. At a meeting of the committee held January 3d, 1939, the newly elected member, Harrison, was inducted into office and with Steiner thus constituting a majority they appointed Daymond, the defendant, to fill the vacancy caused by the resignation of Hartman.

The statute, *R. S.* 40:146-20, vests power in the governor to fill vacancies in township committees where all or a

majority of the members are disqualified by death, disability, removal, refusal to act or resignation upon certification to him of such vacancy by the township clerk. Such appointments to be for a period until a successor be elected and qualified at the next ensuing general election. It appears that the certification of the Lieberman resignation was duly made by the township clerk to the governor who thereupon appointed relator as herein above stated.

It will be noted that both Hartman and Lieberman constituting a majority or quorum of the committee resigned in December, 1938, a short time before the time for the organization of the new committee. At that time Hartman's term of office had over a year to run and that of Lieberman but a few days.

We are not concerned with the reasons nor the motives which prompted these resignations.

It seems to us that the clear intent of the legislature, as expressed in *R. S.* 40:146-20, was to vest power in the governor to fill vacancies when same were certified to him by the township clerk irrespective of the period of the unexpired term of the disqualified official or in whatever manner the vacancy was created.

Nor was the governor precluded from filling the vacancy so certified to him because, as is urged, the resignation had not been acted upon by the township committee. The resigned official could not act upon his own resignation and his resignation left but one member of the committee and surely he alone was without power or authority to act. Thus, it seems to us, we have a situation contemplated by the statute and where it was the duty of the clerk to receive the resignation and to certify it to the governor.

It follows that the appointment by the governor of relator was in accordance with the law and was valid.

Judgment of ouster of defendant may be entered.